UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Dixon,

        Plaintiff,

v.                                                                                  Civil No. 11-2558 (JNE/JSM)
                                                                                     ORDER

Clearwire Corporation,
on behalf of its wholly-owned subsidiary
Clear Wireless LLC,

        Defendant.

---

This case is before the Court on a Report and Recommendation by the Honorable Janie S. Mayeron, United States Magistrate Judge. ECF No. 126. For the reasons discussed below, the Court adopts the Report and Recommendation in part, reconsiders sua sponte its Order of July 31, 2012, ECF No. 52, and grants the Defendant's Motion to Dismiss, ECF No. 4, in full.

## **Background**

Plaintiff Joseph Dixon brought this action pro se against Defendant Clearwire Corp., a provider of residential internet service, over its handling of his account. Mr. Dixon's Complaint alleges that he entered into a written contract with Clearwire in March of 2011 for unlimited wireless internet service at a rate of $30 per month. ECF No. 1-1. The Complaint further alleges that, over the ensuing several months, Clearwire charged him sums in excess of $30 and, after he contested those amounts, terminated his service. *Id.* On those allegations, Mr. Dixon brought suit and demanded $450,000 in damages. *Id.*

1

Clearwire moved to dismiss under Rule 12(b)(6). ECF No. 4. This motion, and later all matters in the case, were referred to the Magistrate Judge for a recommended disposition under 28 U.S.C. § 636(b)(1). ECF Nos. 8, 103. In a Report and Recommendation, the Magistrate Judge read Mr. Dixon's Complaint to assert claims against Clearwire under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and for breach of contract. ECF No. 35. The RICO claim did not survive. ECF No. 52.

Clearwire later moved for summary judgment on the remaining breach of contract claim. ECF No. 92. While Clearwire had argued on its Motion to Dismiss that Mr. Dixon's pleading was inadequate as to both the formation and breach elements of his breach of contract claim, ECF No. 6 at 9-11, Clearwire focused exclusively in its summary judgment motion on its position that the claim fails because Mr. Dixon cannot establish the damages element, ECF No. 94.

Mr. Dixon, apparently believing that the matter had already been set for trial, responded to Clearwire's summary judgment motion by filing two motions requesting that the Court enter judgment in his favor under Rule 60(b) on the basis of surprise. ECF Nos. 110 and 117.

The Magistrate Judge issued the current Report and Recommendation on November 25, 2013. ECF No. 126. There, the Magistrate Judge recommends that Mr. Dixon's motions for judgment be denied, that Clearwire's motion for summary judgment be granted, and that Mr. Dixon's Complaint be dismissed with prejudice. Under Local Rule 72.2(b), the Magistrate Judge specified that all objections to the Report and Recommendation were to be filed with the Clerk of Court and served on the opposing party by December 9, 2013. ECF No. 126 at 22.

The parties have subsequently made four filings. The first, received by the Clerk on December 10, is Mr. Dixon's "Memorandum of Law in Objection to Magistrate Judge

2

Mayeron's Report and Recommendation Dated November 25, 2013: Trial De Novo." ECF No. 127. The second, filed on December 12, is Mr. Dixon's "Supplemental Memorandum of Law in Support of Motion for Trial De Novo in Objection to MRCVP 60. LR." ECF No. 128. The third, filed on December 23, is Clearwire's "Response to Plaintiff's Objections to Magistrate's Report and Recommendation." ECF No. 132. The fourth, filed on January 13, is Mr. Dixon's "Memorandum in Response and Objection to Defendant's Objection to Plaintiff's Objection to Magistrate Judge's Report and Recommendation." ECF No. 133.[1]

All of Mr. Dixon's memoranda are untimely, and they far exceed the 3,500 words he is afforded under the Local Rules. *See* D.Minn. L.R. 72.2(c). These words are not well spent: the filings consist largely of a recapitulation of the procedural history of the case, the repetition of accusations of misconduct against Clearwire and its counsel that have already been heard and rejected as baseless, and conclusory assertions such as that "[t]he Magistrates report is in error of serious and consequential errors" and that "the Court with byas and prejudice permits defendant to prolonged the case and to provide defendant the opportunity to devise a devious, tricks, deception, to forged documents tamper with evidence and to fraudulently obtained evidence." ECF No. 127 at 11. The only perceptible "specific written objection" to the Report and Recommendation, *see* D.Minn. LR 72.2(b)(1), is the challenge Mr. Dixon mounts to the Magistrate Judge's authority to enter judgment without the consent of the parties under 28 U.S.C. § 636(c), ECF No. 128 at 7-14 – but the Magistrate Judge has not entered judgment here.

---

[1]   Mr. Dixon has also filed an "Application for IB for a Pauperis for Trial De Novo and for Trial Transcripipt," in which he "petition[s] the Court for an Order granting [him] Informa Pauperis for filing Motion Trial De Novo and for courts transcript to proceed without pay." ECF No. 129.

**Discussion**

The Court has conducted a de novo review of the record, *see* D.Minn. L.R. 72.2(b), and readily adopts the Magistrate Judge's conclusion that both of Mr. Dixon's pending motions for judgment under Rule 60(b), ECF Nos. 110 and 117, are without merit and should be denied. In addition, spurred by the review of the record, the Court now reconsiders sua sponte its Order of July 31, 2012, ECF No. 52. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties rights and liabilities."); *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995) ("The district court has the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment.").

With that Order, the Court adopted the prior Report and Recommendation in which the Magistrate Judge recommended that Clearwire's Motion to Dismiss for failure to state a claim, ECF No. 4, be granted with respect to Mr. Dixon's RICO claim but denied with respect to his breach of contract claim. ECF Nos. 35, 52. In support of its motion, Clearwire had argued that Mr. Dixon's breach of contract claim was inadequately pled because the Complaint failed to "allege sufficient facts to show a plausible basis for recovery . . ." ECF No. 6 at 10. The Magistrate Judge, however, took obvious pains to hold Mr. Dixon's pro se Complaint to "less stringent standards than formal pleadings drafted by lawyers." ECF No. 35 at 6 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The Court, as noted above, adopted the Magistrate Judge's recommendation. In retrospect, though, the principle of leniency was misapplied: it resulted in a far more generous

reading of Mr. Dixon's Complaint than precedent allows. As the Eighth Circuit has explained, the purpose of affording a liberal construction to a pro se complaint is to ensure that a discernible claim, even if "not pleaded with legal nicety," is nonetheless considered "within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). This approach, though, has definite limits. While a court may apply the proper legal framework to an inartfully pled complaint that contains the essence of a legitimate claim, it may neither "supply additional facts nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (citing and quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

On Clearwire's Motion to Dismiss, then, while the Magistrate Judge properly supplied the legal framework for a breach of contract claim, Mr. Dixon remained responsible for pleading in his Complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Stone*, 364 at 914 ("Though pro se complaints are to be construed liberally, . . . they still must allege sufficient facts to support the claims advanced."). A claim is only "plausible on its face" if the factual content of the Complaint "allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct"; a "mere possibility of misconduct" is insufficient. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). Making this determination is a "context-specific task that requires the . . . court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

Against this backdrop, the factual allegations in Mr. Dixon's Complaint, accepted as true, raise no more than a mere possibility of misconduct on Clearwire's part and are not susceptible to a reasonable inference that the conduct alleged constitutes a breach of contract. The whole of

Mr. Dixon's Complaint rests on his insistence that he signed a written contract with Clearwire for home internet service at a rate of $30 per month – and not a penny more – and that Clearwire's actions in managing his account were not authorized by the terms of that contract. However, even to this day, Mr. Dixon has neither produced a copy of the purported contract[2] nor, except for the alleged monthly rate, described any of its terms, conditions, or obligations. Without this most basic factual content, Mr. Dixon's Complaint offers nothing more than the sort of "mere conclusory statements" that should not survive a motion to dismiss. *See id.* at 1949. Clearwire's Motion to Dismiss, therefore, will be granted in full.

Furthermore, the course of this litigation over the past eighteen months since the breach of contract claim proceeded to discovery has made it abundantly clear that Mr. Dixon is not interested in achieving "the just, speedy, and inexpensive determination" of this matter. *See* Fed. R. Civ. P. 1. The opportunity the Court's Order afforded Mr. Dixon to develop his claim has been spent on other endeavors, foremost among them making baseless allegations of impropriety against Clearwire and opposing counsel, *see, e.g.*, ECF Nos. 57, 64, 69, 70, 80, 81, 98, 99, and piling meritless motion upon meritless motion in contravention of the Federal Rules of Civil Procedure, the Local Rules of this District, and the Magistrate Judge's Scheduling Order, *see, e.g.*, ECF Nos. 100, 104, 108, 110, 114, 117.

Throughout this period, Mr. Dixon has also persisted in his outrageous demands. In the current Report and Recommendation, the Magistrate Judge determined that Mr. Dixon's total possible recovery if he were to prevail on the breach of contract claim as he has pled it is $52.79. ECF No. 126 at 17. Mr. Dixon did not object to that calculation, and the Court adopts it.

---

[2] Mr. Dixon has submitted – repeatedly – a document that he alleges to be a print-out of an email that he received from Clearwire in March 2011. *See* ECF No. 1-1 at 20. This document contains nothing more than an estimated monthly rate for a particular type of internet service.

Despite this modest potential recovery, Mr. Dixon rejected Clearwire's attempt to reimburse him $500 as well as its offer of judgment in the amount of $3,000 under Rule 68. ECF No. 96-2 at 1-4, 8-10. Presented with those offers, Mr. Dixon refused to agree to bring the case to a resolution for anything short of $1.39 million. *Id.*

The approach Mr. Dixon has taken to this case is, by all appearances, not out of the ordinary for him. Mr. Dixon is a frequent pro se filer with a penchant for bringing meritless motions and submitting voluminous documents filled with "a rambling collection of sentence fragments, vague accusations, and unexplained references to various statutes and legal doctrines." *Dixon v. Rybak*, 2006 WL 2945564, at *1 (D.Minn. Oct. 13, 2006) (Civ. No. 06-2579 PAM/JSM) (quoting Report and Recommendation). As a result of his abuses of court processes not unlike those seen here, he has twice been restricted from bringing pro se lawsuits in this District. *See id.* at *2 (noting Mr. Dixon's history of pursuing frivolous lawsuits that monopolize limited judicial resources); *Dixon v. Deutsche Bank Nat. Trust Co.*, 2008 WL 4151835, at *13-14 (D.Minn. Sept. 3, 2008) (Civ. No. 06-2858 PJS/RLE), *modified by* 360 Fed.Appx. 703 (8th Cir. 2010).[3] On account of similar conduct, the Supreme Court of the United States has taken the step of refusing to entertain Mr. Dixon's requests to file petitions for certiorari in forma pauperis. *Dixon v. City of Minneapolis, Minn.*, 547 U.S. 1016 (2006).

## Conclusion

For the reasons discussed above, the Court adopts the Report and Recommendation in part and vacates the Order of July 31, 2012 insofar as it denied Clearwire's Motion to Dismiss

---

[3] Those filing restrictions were limited to the particular defendants and facts that were at issue in those cases. In addition, Mr. Dixon originally filed his Complaint in Minnesota state court, and Clearwire removed the action to this Court.

with respect to the breach of contract claim. The Court now grants that motion in full. Because Mr. Dixon's failure to meaningfully develop his allegations through discovery has established conclusively that "dismissal with leave to amend would serve no useful purpose," *Wright v. Anthony*, 733 F.2d 575, 577 (8th Cir. 1984), this action is dismissed with prejudice.

THEREFORE, IT IS ORDERED THAT:

1. The Court's Order of July 31, 2012 [ECF No. 52] is VACATED insofar as it denied Defendant's Motion to Dismiss in part.

2. Defendant's Motion to Dismiss [ECF No. 4] is GRANTED in full.

3. Defendant's Motion for Summary Judgment [ECF No. 92] is DENIED AS MOOT.

4. Plaintiff's Motion for Judgment Against Defendant Clearwire Corporation [etc.] [ECF No. 110] is DENIED.

5. Plaintiff's Motion to the Court for Relief and Judgment to be Granted Plaintiff [etc.] [ECF No. 117] is DENIED.

6. Plaintiff's Application to Proceed In Forma Pauperis [ECF No. 129] is DENIED AS MOOT.

7. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 6, 2014                    s/Joan N. Ericksen
                                           The Honorable Joan N. Ericksen
                                           United States District Judge