UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Dixon,

       Plaintiff,

v.                                                          Civil No. 11-2558 (JNE/JSM)
                                                            ORDER
Clearwire Corporation,
on behalf of its wholly-owned subsidiary
Clear Wireless LLC,

       Defendant.

---

This case was dismissed with prejudice.  Plaintiff Joseph Dixon filed a notice of appeal, and the matter is now before the Court on his application to proceed in forma pauperis (IFP) on appeal.  ECF No. 138.

To qualify for IFP status on appeal, a party must submit financial information that demonstrates indigence.  *See* 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a).  Mr. Dixon's filing indicates that he lives in low-income housing and that Social Security disability payments are his only source of income.  On the basis of those representations, the Court concludes that Mr. Dixon is indigent.

However, even if the applicant is found to be indigent, IFP status should be denied if the appeal is "not taken in good faith."  28 U.S.C. § 1915(a)(3).  In this context, good faith is judged by an objective standard, rather than by the subjective beliefs of the appellant.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, an appeal is taken in good faith when it is not objectively frivolous, *id.*, and an appeal is objectively frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Mr. Dixon's appeal lacks an arguable basis in law and fact.  As the Court explained in the order dismissing the case, Mr. Dixon failed to state a claim upon which relief can be granted despite being afforded every opportunity over the course of more than two years of litigation. ECF No. 135.  Furthermore, Mr. Dixon's notice that he is "appealing [both] the fraudulent Judgment Entered February 6, 2014" and "Defendant and its Counsel's Letter of threat, intimidation, harassment," ECF No. 137, as well as his concurrently-filed "Motion for Judgment for the Amount of $1,450,000.00 [etc.]," ECF No. 140, strongly suggest that his appeal will be but a second sally in his quest to extract an entirely unjustifiable sum of money from the Defendant and that he will – as he did in this Court – be tilting at windmills all along the way.

The Court will therefore certify that Mr. Dixon's appeal is not taken in good faith and deny his application to proceed IFP on appeal.  In this, the Court is in good company.  *See Dixon v. City of Minneapolis, Minn.*, 547 U.S. 1016 (2006) (Supreme Court of United States decision directing its Clerk "not to accept any further petitions in noncriminal matters from [Mr. Dixon] unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1" because he "has repeatedly abused this Court's process")

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  IT IS CERTIFIED that Plaintiff's appeal is not taken in good faith.

2.  Plaintiff's Application to Proceed IFP on Appeal [ECF No. 138] is DENIED.

Dated: February 24, 2014

s/Joan N. Ericksen
The Honorable Joan N. Ericksen
United States District Judge

2